**SPENCER FANE LLP**
David E. Funkhouser III, Esq., Bar No. 022449
Jessica A. Gale, Esq., Bar No. 030583
2415 E. Camelback Road, Suite 600
Phoenix, AZ 85016-4251
Telephone: (602) 333-5451
Facsimile: (602) 333-5431
Email:   dfunkhouser@spencerfane.com
             jgale@spencerfane.com

Brian W. Zimmerman *(admitted pro hac vice)*
3040 Post Oak Blvd., #1400
Houston, TX 77056
Telephone: (713) 552-1234
Facsimile: (713) 963-0859
Email:   bzimmerman@spencerfane.com

*Attorneys for Defendants National Association of Preferred Providers; Blackhawk Claims Service GA Incorporated; National Individual Insurance Agency LLC; Association Health Care Management; Harold L Brock, Jr., individually, and as a managing member of National Individual Insurance Agency, LLC, also known as Rusty Brock; Landon Jordan, individually, and as president of Association Health Care Management, Inc., and as owner of National Individual Insurance Agency, LLC; Rami Hassan, individually, and as president of National Association of Preferred Providers, and as an officer of Association Health Care Management, Inc.*

**UNITED STATES DISTRICT COURT**

**DISTRICT OF ARIZONA**

| | |
|---|---|
| Lynn M. Bunch, an individual,<br><br>                    Plaintiff,<br><br>vs.<br><br>National Association of Preferred Providers, a Texas not-for-profit organization; Triada Assurance Holdings, LLC, a Texas limited liability company dba Salvasen Health; Salvasen Health Holdings, LLC, a Texas limited liability company dba Salvasen Health; Salvasen United Association, Inc., a Texas corporation, dba Salvasen Health; Blackhawk Claims Service GA, Inc., a Georgia corporation; National Individual Insurance Agency, LLC, a Texas limited liability company; Association Health Care Management, Inc., a Texas corporation; Barry Jay Glenn, individually and as an officer and/or | Case No. 2:23-cv-02365-ROS<br><br>**DEFENDANT BLACKHAWK CLAIMS SERVICE GA, INC.'S MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT**<br><br>(Assigned to the Honorable Roslyn O. Silver) |

| | |
|---|---|
| 1 | governing person of Triada Assurance Holdings, LLC, Salvasen Health Holdings, LLC and Salvasen United Association, Inc.; Harold L. Brock, Jr., aka "Rusty" Brock, individually, and as a managing member of National Individual Insurance Agency, LLC; Landon Jordan, individually and as president of Association Health Care Management, Inc., and as owner of National Individual Insurance Agency, LLC; Rami Hassan, individually, and as president of National Association of Preferred Providers, and as an officer of Association Health Care Management, Inc.; and John Does I-X; Jane Does I-X; ABC Business Entities I-X; Black Corporations I-X, |
| | Defendants. |

Pursuant to Fed. R. Civ. P. 12(b)(6), Defendant Blackhawk Claims Service GA Incorporated ("Blackhawk") moves to dismiss Plaintiff's First Amended Complaint ("Amended Complaint") (Doc. 32) in its entirety as to Blackhawk for failure to state a claim upon which relief may be granted.

This Motion is based on the following Memorandum of Points and Authorities, and upon the papers, records, and pleadings on file. A Certificate of Conferral is included herein pursuant to Doc. 4 and LR Civ 12.1(c).

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.   INTRODUCTION

Plaintiff Lynn M. Bunch's ("Plaintiff") Amended Complaint is a misguided effort in an attempt to allege claims against Blackhawk. The bare and generalized allegations make it clear that Plaintiff has no basis for the relief she seeks against Blackhawk and each of her claims should be dismissed for several independent reasons. First, while Plaintiff alleges six fraud-based claims against Blackhawk, Plaintiff fails to meet the heightened pleading standards required by Fed. R. Civ. P. 9(b). Second, Plaintiff fails to make sufficient factual allegations to establish any of her RICO-related claims. Third, her state law RICO claims are based on the criminal statute, for which there is no private right of action. Fourth, Plaintiff cannot establish any of her contract-based claims against Blackhawk because she

has not plead that she entered into any agreements with Blackhawk, nor has she had any contact with Blackhawk to be able to form an agreement. Fifth, Plaintiff fails to plead sufficient facts regarding Blackhawk's actions to support her emotional distress-based claims. For these reasons, Plaintiff's Complaint should be dismissed as to Blackhawk.

## II. BRIEF FACTUAL BACKGROUND[1]

Plaintiff alleges that Defendants Barry Jay Glenn, Triada Assurance Holdings, LLC, Salvasen Health Holdings, LLC and Salvasen United Association, Inc. (collectively, the "Glenn Defendants") created insurance products that were fraudulent. *See* Amended Complaint, ¶76. Plaintiff alleged that the Glenn Defendants not only engaged in fraudulent conduct in Arizona, but that their conduct spanned across many states, including Wisconsin, South Dakota, Michigan, Mississippi, Minnesota, Texas, Massachusetts, and Nevada. *Id.* at ¶¶206-302. These states took regulatory action against the Glenn Defendants in 2022 and 2023 for operating without registering with any state insurance regulator and selling insurance policies with no intention to pay for covered medical expenses. *Id.* at ¶¶206, 210-211. The Amended Complaint states allegations against the Glenn Defendants; however, Plaintiff also attempts to improperly include Blackhawk. Indeed, out of 485 allegations, the only allegations related to Blackhawk allege that it was a third-party administrator that was responsible for processing claims and authorized to collect Plaintiff's monthly premium payments. *Id.* ¶¶101-102, 164. Based on these allegations, Plaintiff filed this suit asserting claims that can be placed into four categories: (1) fraud-based claims; (2); RICO-related claims; (3) contract-based claims; and (4) emotional distress-based claims. *See generally* Amended Complaint. None of these claims are sufficiently pled against Blackhawk, and therefore Blackhawk must be dismissed from this case.

## III. LEGAL STANDARD

To survive a Rule 12(b)(6) motion to dismiss, a complaint must meet the pleading requirements set forth under Rule 8(a) and contain sufficient factual allegations, accepted

---

[1] Blackhawk does not admit the truth of Plaintiff's allegations; the allegations are recited solely to provide the context for this Motion to Dismiss.

3

as true, to "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "Facial plausibility" requires factual allegations "that allow [] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. at 678 (citing *Twombly*, 550 U.S. at 556). Although a complaint "does not need detailed factual allegations," the allegations "must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id*. Legal conclusions couched as factual allegations are not entitled to the assumption of truth and therefore are insufficient to defeat a motion to dismiss for failure to state a claim. *Iqbal*, 556 U.S. at 679–80.

Application of these well-established standards here demonstrates that Plaintiff has failed to state a claim upon which relief may be granted against Blackhawk and, thus, Blackhawk must be dismissed from this case.

**IV.   LEGAL ARGUMENT**

    **A.   Plaintiff's fraud-based claims fail to meet Rule 9(b)'s heightened pleading standards against Blackhawk.**

Plaintiff's generalized allegations of wrongdoing against Blackhawk fail to satisfy the heightened pleading requirements for fraud-based claims under Fed. R. Civ. P. 9(b). Plaintiff asserts six fraud-based claims against Blackhawk: Counts I-III (RICO-related claims), IV-V (Fraud-based claims), and VIII (Bad Faith). "[I]n alleging fraud or mistake," Rule 9(b) requires a party to "state with particularity the circumstances constituting fraud or mistake," including "the who, what, when, where, and how of the misconduct charged." *Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1106 (9th Cir. 2003) (internal quotation marks omitted). There must be enough specificity to "give defendants notice of the particular misconduct which is alleged to constitute the fraud charges so that they can defend against the charge and not just deny that they have done anything wrong." *Doherty v. Certified Fin. Planner Bd. of Standards, Inc.*, No. CV-12-01920-PHX-NVW, 2012 WL 5504183, at *1 (D. Ariz. Nov. 13, 2012). And in alleging a fraudulent misrepresentation,

1  Plaintiff must "set forth what is false or misleading about a statement, and why it is false."
2  *Id.* (quoting *Decker v. GlenFed, Inc. (In re GlenFed, Inc. Sec. Litig.)*, 42 F.3d 1541, 1548
3  (9th Cir. 1994) (en banc)).

4        The Ninth Circuit has made it clear that "Rule 9(b) does not allow a complaint to
5  merely lump multiple defendants together…." *Swartz v. KPMG LLP*, 476 F.3d 756, 764–
6  65 (9th Cir. 2007) (emphasis added).  And yet, this is exactly what Plaintiff has done. Even
7  though it is clear from the Amended Complaint that Plaintiff's allegations are solely
8  directed towards the Glenn Defendants, Plaintiff, without any specific allegations, is
9  attempting to tie Blackhawk to the Glenn Defendants' allegedly fraudulent conduct. *Id.* at
10 ¶¶ 37, 38.  This is improper. Indeed, other than haphazardly including Blackhawk into
11 certain allegations, there is not a single allegation alluding to Blackhawk's alleged
12 fraudulent conduct. The only allegations where Blackhawk is even mentioned show that
13 Plaintiff has nothing more than an association with the Glenn Defendants. Even further,
14 there are no allegations that connect the Glenn Defendants and Blackhawk. The only
15 allegations asserted against Blackhawk are as follows:

- Defendants Jordan, Hassan, National Association of Preferred Providers, Blackhawk Claims Services GA, Inc. and Association Health Care Management, Inc. directed the administration and claims processing of the "Salvasen Health" insurance products. *See* Amended Complaint, ¶83.

- The consumer would eventually be issued cards, and claims would be processed by third-party administrators, including Blackhawk Claims Services GA, Inc., Association Health Care Management, Inc., and Trinity Health Administrators, LLC. *Id.* at ¶99.

- Consumers were told that payment would be processed by Blackhawk Claims Service and Association Health Care Management. *Id.* at ¶101.

- Defendants Blackhawk Claims Service and Association Management were purportedly the independent third party administrators that were responsible for administering the claims process. *Id.* at ¶102.

- Mr. Nevarez (an alleged contractor for Defendant National Individual Insurance Agency) told Plaintiff that her medical claims would be processed via a licensed third party administrator, that was a separate legal entity. Mr. Nevarez did not reveal that the third party [sic] administrator, Blackhawk Claims Service, was related to Association Health Care Management, and National Association of Preferred Providers. *Id.* at ¶136.

- Mr. Nevarez told Plaintiff that if she had questions, she should contact

5

member services at 866-910-6173. Mr. Nevarez did not reveal that this telephone number is the phone number for all of the following entities: National Association of Preferred Providers, Blackhawk Claims Service, and Association Health Care Management. *Id*. at ¶137.

- Based on information contained in documents later provided to the Arizona Department of Insurance [] by Defendants, Plaintiff learned that…Defendant Blackhawk Claims Services GA, Inc. is the third party administrator authorized to collect her membership and monthly premium payments. *Id*. at ¶164.

Although Plaintiff alleges that "[t]he statements made by…Blackhawk Claims Service were false when they were made" there is not a single allegation that Plaintiff had any conversations with Blackhawk or its representatives nor is there an allegation indicating what false statement Blackhawk allegedly said.

To summarize Plaintiff's allegations regarding Blackhawk is that Blackhawk is a third-party administrator authorized to collect premiums and process claims. This is insufficient to satisfy the heightened pleading standard under Rule 9(b). As a result of the foregoing, Plaintiff's fraud-based claims against Blackhawk should be dismissed.

**B.   Plaintiff failed to plead sufficient facts establishing any of her RICO-related claims against Blackhawk.**

In addition to Plaintiff's failure to satisfy the heightened pleading standards under Rule 9, Plaintiff's RICO-related claims should be dismissed because she has failed to allege sufficient facts.

A RICO claim requires facts showing: "(1) the conduct of (2) an enterprise (3) through a pattern (4) of racketeering activity." *Nutrition Dist. LLC v. Custom Nutraceuticals LLC*, 194 F. Supp. 3d 952, 957 (D. Ariz. 2016) (citing *Eclectic Props. E., LLC v. Marcus & Millichap Co*., 751 F.3d 990, 997 (9th Cir.2014)).  Courts closely scrutinize RICO allegations because of the complexities of pleading and proving the claim and the "stigmatizing effect on those named as defendants." *Wagh v. Metris Direct, Inc.*, 348 F.3d 1102, 1108 (9th Cir. 2003) (quotation omitted).

1. **Plaintiff fails to properly plead that Blackhawk "conducted or participated" in the conduct of the Glenn Defendants' affairs.**

To state a RICO claim, Plaintiff must allege facts showing that each of the Defendants "conduct[ed] or participate[d] . . . in the conduct of" each of the "enterprise's affairs." 18 U.S.C. § 1962(c). The Supreme Court explained that "participated" or "conducted" means that the defendant "must have some part in directing the [enterprise's] affairs." *Reves v. Ernst & Young*, 507 U.S. 170, 179 (1993). Mere association or performing services for the enterprise is not sufficient. *Id*. (liability under RICO "depends on showing that the defendants conducted or participated in the conduct of the 'enterprise's affairs,' and not just their own affairs (emphasis in original)); *Walter v. Drayson*, 538 F.3d 1244, 1249 (9th Cir. 2008); *Baumer v. Pachl*, 8 F.3d 1341, 1345 (9th Cir. 1993) (performing services that benefit the enterprise does not impute RICO liability).

Plaintiff has not made any allegations against Blackhawk that show that it purportedly participated in any fraudulent conduct, let alone the enterprise's affairs. Rather, the allegations merely state that Blackhawk is a third-party administrator authorized to collect premiums and process claims, which is exactly what Blackhawk does – it is a "third-party administrator" that provides "turnkey solutions for enrollment, billing, fulfillment, clearinghouse, claims processing, and electronic payment networks."[2] *See* Amended Complaint, ¶¶83, 101, 102, 136, 137, 164. As a result of the lack of allegations that Blackhawk conducted or participated in the Glenn Defendants' affairs, Plaintiff's RICO-related claims against Blackhawk fail.

2. **Plaintiff does not allege facts that Blackhawk committed RICO predicate acts.**

Plaintiff seeks to rely on mail and wire fraud as predicate RICO acts but fails to allege facts showing (1) Blackhawk's involvement in the mail or wire fraud; or (2) Blackhawk's specific intent to defraud. 18 U.S.C. §§1341, 1343; *Eclectic*, 751 F.3d at 997. "Pleading a pattern of racketeering activity requires the plaintiff to allege that the defendant

---

[2] https://blackhawktpa.com/about-us/.

7

1  participated in at least two acts that were chargeable under the enumerated federal statutes."
2  *Nutrition Distribution LLC v. Custom Nutraceuticals LLC*, 194 F. Supp. 3d 952, 957 (D.
3  Ariz. 2016). "The plaintiff must adequately plead the elements of each predicate act,
4  satisfying the pleading standard that would apply if the predicate act were a stand-alone
5  claim." *Id*. (citing *Alan Neuman Prods., Inc. v. Albright*, 862 F.2d 1388, 1392 (9th
6  Cir.1988).

7        Because Plaintiff's RICO-related claims are predicated on mail and wire fraud, *see*
8  Amended Complaint ¶¶318-327, Plaintiff must plead the elements of the predicate acts
9  committed by Blackhawk with the specificity required by Rule 9(b). *See M & I Marshall*
10  *& Ilsley Bank v. Lerner*, No. CV-10-1081-PHX-DGC, 2010 WL 5232970, at *3 (D. Ariz.
11  Dec. 16, 2010) ("Where claims are grounded in fraud, as in this case, the factual allegations
12  must meet not only *Twombly* and *Iqbal's* plausibility standard for Rule 8(a), but also the
13  heightened pleading requirements of Rule 9(b)."). Said another way, "mail and wire fraud
14  allegations [that] are vague and conclusory, and fail to state the time, place and specific
15  content of the false representations as well as the identity of the parties to the
16  misrepresentation," do not satisfy Rule 9(b). *Desoto v. Condon*, 371 F. App'x 822, 824 (9th
17  Cir. 2010) (affirming dismissal of RICO claim); *see also Pfau v. Mortenson*, 542 F. App'x
18  557, 558 (9th Cir. 2013) (dismissing RICO claim where plaintiffs "fail[ed] to specify with
19  the requisite particularity Defendants' individual roles in the alleged racketeering scheme").

20        Here, Plaintiff fails to specifically state the content of the allegedly "false
21  representations" made by Blackhawk using mail and wire communication. *In re Ariz.*
22  *Theranos, Inc., Litig.*, 308 F. Supp. 3d 1026, 1059 (D. Ariz. 2018) (dismissing RICO claims
23  based on mail fraud that did not "delineate which defendant was responsible for sending
24  any particular blood sample through the mail"); *Erus Builders LLC v. Volt Solar Sys. Inc.*,
25  2016 WL 3181668, at *14 (D. Ariz. June 7, 2016) (failure to identify fraudulent statements
26  made by particular defendants supported dismissal). Instead, Plaintiff does little more than
27  make conclusory allegations that the alleged "scheme" was carried out through acts of mail
28  and wire communication. *See* Amended Complaint ¶¶318-327. And, while Plaintiff lists

some letters and telephone conversations, none specify false statements or misrepresentations made by Blackhawk. *See generally, id*. Thus, Plaintiff has not sufficiently alleged a RICO predicate act by Blackhawk.

**C.  There are no facts alleged to support Plaintiff's claim for RICO Conspiracy against Blackhawk.**

Without a valid RICO claim under 18 U.S.C. § 1962(c), a RICO conspiracy claim under § 1962(d) fails. *Howard v. Am. Online Inc.*, 208 F.3d 741, 751 (9th Cir. 2000) ("Plaintiffs cannot claim that a conspiracy to violate RICO existed if they do not adequately plead a substantive violation of RICO."); *see also Comm. To Protect Our Agric. Water*, 235 F. Supp. 3d at 1180 ("Because plaintiffs have failed to adequately allege a § 1962(c) RICO claim, they cannot plausibly allege a RICO conspiracy under § 1962(d)."). Thus, having failed to state a § 1962(c) RICO claim against Blackhawk, Plaintiff has also failed to state a § 1962(d) RICO conspiracy claim against Blackhawk.

**D.  Plaintiff's state RICO claims against Blackhawk fail as a matter of law.**

Plaintiff does not allege a viable fraudulent scheme or theft claims against Blackhawk because Arizona does not recognize such claims. Neither Arizona's criminal fraudulent scheme statute, A.R.S. § 13-2310, nor its theft statute, A.R.S. § 13-1802, provide for a private right of action. *See* A.R.S. § 13-2310; A.R.S. § 13-1802. Under Arizona law, "no private cause of action should be inferred based on a criminal statute where there is no indication whatsoever that the legislature intended to protect any special group by creating a private cause of action by a member of that group." *Phoenix Baptist Hosp. & Med. Ctr., Inc. v. Aiken*, 179 Ariz. 289, 294 (App. 1994).

This court has repeatedly declined to recognize private rights of action based upon Arizona criminal statutes. *See, e.g., ThermoLife Int'l LLC v. NeoGenis Labs Inc.*, No. CV-18-02980-PHX-DWL, 2020 WL 6395442, at *13 (D. Ariz. Nov. 2, 2020) ("Here, the Court's best prediction is that the Arizona Supreme Court would decline to recognize a claim for civil extortion, at least under the circumstances of this case."); *Maguire v. Coltrell*, No. CV-14-01255-PHX-DGC, 2015 WL 470204, at *3 (D. Ariz. Feb. 4, 2015) ("Although

not raised by Plaintiff, the Court also seriously doubts that the criminal statute relied on by Defendants . . . gives rise to a civil cause of action . . . because [the statute] contains no indication that the legislature had such intent."). Because civil claims for fraudulent scheme and theft do not exist under Arizona law, Plaintiff' claims must be dismissed as a matter of law.

To the extent that this Court finds that Arizona recognizes private rights of action based on its criminal statutes, Plaintiff's claims are still deficient because she has not sufficiently plead facts to state a claim against Blackhawk. In addition to Plaintiff's federal RICO claims against Blackhawk, Plaintiff asserts violations of Arizona's Anti-Racketeering Act ("Arizona RICO"). Plaintiff's claim against Blackhawk, however, fails for the same reasons her federal RICO claims fail. Much like the federal RICO statute, Plaintiff must allege a "pattern of racketeering activity" (commonly referred to as "predicate acts" in the federal context) as defined in A.R.S. § 13-2301.

Plaintiff alleges that "Defendants" – not specifically Blackhawk – "engaged in acts constituting a scheme or artifice to defraud." *See* Amended Complaint, ¶356. To state a claim for an unlawful scheme or artifice to defraud under A.R.S. § 13-2310, a plaintiff must allege (i) a scheme or artifice to defraud; (ii) that the defendant knowingly and intentionally participated in such scheme or artifice; and (iii) that the purpose of the scheme was to obtain money or property by "false or fraudulent pretenses, representations or promises." *See State v. Haas,* 138 Ariz. 413, 418-19 (1983). Moreover, a plaintiff must sufficiently plead the elements of a "scheme or artifice," which requires identification of a "plan, device, or trick" to perpetrate a fraud, which "involve[s] some sort of fraudulent misrepresentations or omissions reasonably calculated to deceive persons of ordinary prudence and comprehension." *State v. Henry,* 205 Ariz. 229, 232 ¶ 12 (App. 2003) (quoting *Haas,* 138 Ariz. at 418).

Here, Plaintiff has not plead a single element of even one predicate act of "fraudulent scheme or artifice" under A.R.S. § 13-2310 against Blackhawk, let alone each of the elements of two predicate acts against Blackhawk. Rather, all that Plaintiff provides is an

assertion that "Defendants" engaged in a fraudulent scheme. Such cursory and conclusory allegations are not sufficient to state an Arizona RICO claim. Even more so, Plaintiff has not alleged that Blackhawk acted knowingly. *Cf.* Amended Complaint ¶76 (stating that "Defendant Glenn knew at the outset that the insurance products were fraudulent…").

Additionally, Plaintiff alleges that "Defendants engaged in acts constituting theft, as defined in A.R.S. §13-1802." *See* Amended Complaint, ¶357. But Plaintiff has not pled sufficient allegations against Blackhawk specifically to constitute theft under the Arizona RICO statute, because theft requires proof that the defendant *knowingly* converted the property of another. A.R.S. § 13-1802(A). Here, Plaintiff has not alleged that Blackhawk knowingly took money from Plaintiff knowing that it was to perpetuate or aid in the Glenn Defendants' fraudulent scheme. As Plaintiff has not made any allegations that Blackhawk acted knowingly, her claim further fails.

### E. Plaintiff has not pled that she entered into any contract with Blackhawk.

Plaintiff asserts three contract-based causes of action (Bad Faith, ERISA, Declaratory Relief), which are based on the alleged non-payment of the contract benefits. To state a cognizable cause of action under these causes of action, Plaintiff must first allege that she entered into a contract or agreement with Blackhawk. She has not done so. *See Bike Fashion Corp. v. Kramer*, 46 P.3d 431, 434 (App. 2002) ("Arizona law implies a covenant of good faith and fair dealing in every contract.") (internal citation and quotation marks omitted); *Physicians Surgery Ctr. of Chandler v. Cigna Healthcare Inc.*, 550 F. Supp. 3d 799, 807–08 (D. Ariz. 2021) (ERISA § 502(a)(1)(B) provides, in relevant part, that "[a] civil action may be brought by a participant or beneficiary ... to recover benefits due to him under the terms of his plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan.")); *see also* Amended Complaint ¶446 (seeking "a judicial determination and declaration of the parties' respective rights and duties under the insurance policies…).

Here, Plaintiff's Amended Complaint fails to plead factual allegations sufficient to find that an agreement was reached between Blackhawk and Plaintiff. Although Plaintiff

11

alleges that "Plaintiff's enrollment during her telephone conference with Mr. Nevarez [who is not associated with Blackhawk] resulted in the creation of contractual obligations between herself and…Blackhawk," *see* Amended Complaint, ¶139, this does not form an agreement with Blackhawk as a matter of law. Indeed, Plaintiff does not allege that Mr. Nevarez was speaking on behalf of Blackhawk or that he had authority to speak on behalf of Blackhawk. Instead, Plaintiff alleges that Mr. Nevarez "was employed by a contractor for Defendant National Individual Insurance Agency, and was tasked with enrolling consumers with National Association of Preferred Providers and selling insurance products from 'Salvasen Health.'" *Id.* at ¶125. Accordingly, Plaintiff has not sufficiently alleged a contract between Plaintiff and Blackhawk.

The allegations assert that it was the Glenn Defendants, if anyone, who allegedly entered into the insurance agreement and issued the alleged policy. Thus, it is only the Glenn Defendants who can provide the relief Plaintiff seeks. As a result of the foregoing, Plaintiff's contract-based claims, Counts VI, VII, and VIII, should be dismissed as to Blackhawk.

### F.  Plaintiff fails to plead facts establishing her emotional distress-based claims against Blackhawk.

The crux of an intentional infliction of emotional distress ("IIED") claim is that "the defendant must either intend to cause emotional distress or recklessly disregard the near certainty that such distress will result from his conduct." *Coffin v. Safeway, Inc.*, 323 F. Supp. 2d 997, 1003 (D. Ariz. 2004) (citing *Johnson v. McDonald*, 197 Ariz. 155, 160 (1995)). Here, in support of her IIED claim, Plaintiff points to Texas Commissioner of Insurance Order No. 2022-7308. *See* Amended Complaint ¶451. This "consent order stated Triada Assurance Holdings, LLC dba Salvasen Health, Salvasen Health Holdings, LLC, Salvasen United Association, Inc. dba Salvasen Health and Barry Jay Glenn [(i.e., the Glenn Defendants)] have engaged in acts constituting the business of insurance without a license or other authorization and have agreed to cease and desist from engaging in the unauthorized business of insurance and to comply with the terms contained in the order."

HOU 5445485.2

*See id.* at ¶¶195, 282. The Texas Commissioner of Insurance Order No. 2022-7308 does not reference Blackhawk. There is no allegation against Blackhawk stating that Blackhawk intended to cause Plaintiff alleged emotional distress or that it knew about the Glenn Defendants' fraudulent scheme and assisted in furthering this scheme.

Similarly deficient is Plaintiff's claim for negligent infliction of emotional distress ("NIED"). In establishing a claim for NIED, Arizona law requires a plaintiff to prove that she suffered emotional distress as a result of defendants' negligence and her emotional distress manifested as bodily harm. *Paseka v. Ethicon Inc.*, No. CV-20-00100-PHX-SRB, 2020 WL 8175427, at \*5 (D. Ariz. Nov. 9, 2020) (citing *Harris v. Maricopa Cty. Superior Ct.*, 631 F.3d 963, 978 (9th Cir. 2011)). Here, Plaintiff makes no allegation that Blackhawk knew that the Glenn Defendants would not provide payment for covered services under the insurance policy or that Blackhawk acted negligently. Again, there is no allegation that shows Plaintiff and Blackhawk had any contact with each other, either verbal or written. Plaintiff's allegations are therefore insufficient to establish a claim for NIED against Blackhawk.

### G. Plaintiff has not and cannot plead a viable claim for punitive damages against Blackhawk.

Under Arizona law, "[t]here is no such thing as a cause of action simply for punitive damages." *Baca v. Johnson*, No. CV-20-01036-PHX-ROS, 2021 WL 2454034, at \*3 (D. Ariz. June 16, 2021) (citing *Quiroga v. Allstate Ins. Co.*, 726 P.2d 224, 226 (Ariz. Ct. App. 1986)).

Even if punitive damages constitute a cognizable claim, Plaintiff has not alleged sufficient facts to support a claim for punitive damages against Blackhawk. The four corners of Plaintiff's Amended Complaint clearly establish that she has not and cannot plead "enough facts to state a claim to relief that is plausible on its face" under Fed. R. Civ. P. 8(a) in support of her claim for punitive damages. *See Twombley,* 550 U.S. at 570. To establish a claim for punitive damages, a plaintiff must prove with clear and convincing evidence that the conduct at issue was "the most egregious of wrongs, ... consciously

malicious or outrageous, ... aggravated and outrageous, [or] ... a conscious action of a reprehensible character." *Linthicum v. Nationwide Ins. Co.,* 150 Ariz. 326, 331-32 (1986). As explained by the Arizona Supreme Court, "[t]o recover punitive damages something more is required over and above the 'mere commission of a tort.'" *Id.* at 330.

Even accepting Plaintiff's allegations as true, which Blackhawk disputes, Plaintiff's allegations simply do not rise to the level of egregiousness necessary to establish a claim of punitive damages against Blackhawk.

## V. CONCLUSION

Based on the foregoing, Blackhawk respectfully requests that the Court grant its Motion and dismiss Plaintiff's Amended Complaint in its entirety against Blackhawk.

DATED this 3 day of June, 2024.

**SPENCER FANE LLP**

*s/ David E. Funkhouser III*
David E. Funkhouser III
Jessica A. Gale
Brian W. Zimmerman

## **CERTIFICATE OF CONFERRAL**

Pursuant to L.R. Civ. 12.1(c) and Doc. 4, undersigned counsel personally certifies that on May 10, 2024, counsel for Blackhawk had a telephone discussion with counsel for Plaintiff regarding the planned Motion to Dismiss and whether any of the issues that Blackhawk intended to raise were curable by amendment. Counsel undersigned states the parties have been unable to agree that the pleading is curable by amendment.

*/s/ David E. Funkhouser III*
David E. Funkhouser III

HOU 5445485.2

# CERTIFICATE OF SERVICE

I hereby certify that on June 3, 2024, a copy of the foregoing was filed electronically using the Clerk of Court's CM/ECF system, which will provide notice to all counsel of record.

*s/ Courtney Ryan*